Hitchcock, C. J.
This case was submitted to the court of common pleas upon an agreed statement of facts, and the question for the consideration of this court is, whether upon the state of facts agreed, the plaintiff in the court of common pleas was in law entitled to a judgment; and whether if entitled to a judgment he was entitled to such a judgment as he actually recovered. True, the question is not as properly presented as it would have been had there been a motion for a new trial, and that motion had been overruled. We think, however, that it is sufficiently presented by the record.
This agreed statement shows that at the November term of the court of common pleas of Trumbull county, A. D. 1835, judgment was rendered in favor of the Western Reserve Bank, against Calvin G. Sutliff, defendant in error, Matthew Acheson, plaintiff in error, Ruel Miller, Levi Sutliff and Chauncy H. Wilcox, as indorsers for Garry Lewis, of a bill of exchange for five thousand dollars. The judgment was a joint judgment against all the indorsers. That at-the same term of the court, a like judgment was rendered against Lewis, the principal debt- or. Executions were issued upon the judgments, and placed in the hands of the sheriff of the county. On the 16th January, 1836, the sheriff called upon Lewis, the principal debtor, and demanded payment of the execution against him, or property whereon to levy. Lewis refused to show any property, and denied that he had any on which the execution could be levied, or which was subject to execution. The sheriff then called upon the indorsers, and demanded property of them. A short time before the demand as before stated, Lewis, who had been in possession of a store of goods, had transferred the *124 same to one Daniel Gilbert. The indorsers were anxious that these goods should be levied upon as the property of Lewis, and to induce the sheriff to do it, Calvin G. Sutliff, Ruel Miller, Levi Sutliff and Chauncy H. Wilcox, gave to him a bond to indemnify him against loss, for levying upon such property as should be turned out to him by Calvin G. Sutliff. Ruel Miller and Calvin G. Sutliff then broke open the store containing said goods, and turned them out to the sheriff, who thereupon levied the aforesaid execution in favor of the bank against Lewis, and sundry other executions against him, upon the goods so turned out. In February, 1836, these goods were sold by the sheriff, and of the avails $3,135.73 were paid over to the bank and applied on the debt, for the security of which the aforesaid C. G. Sutliff and others were indorsers. Daniel Gilbert commenced an action of trespass against the sheriff and those of the indorsers who signed the indemnifying bond, for talcing and carrying away the goods aforesaid, and at the August term of the supreme court, 1839, recovered a judgment against them for $5,400. In the winter of 1839, this judgment was fully paid and satisfied by C. G. Sutliff, Levi Sutliff, Ruel Miller and Chauncy H. Wilcox, the individuals who signed the indemnifying bond, each paying one-fourth part of the judgment.
As Acheson paid no part of this judgment, it is claimed by the plaintiff below that, inasmuch as the avails of the goods levied upon in January, 1836, went in part payment of the debt upon which Acheson and the others were security, that Acheson is bound to contribute. It will be seen that the facts so far set forth, are like the facts in the case of Matthew Acheson v. Ruel Miller, decided at the present term. In fact, both cases originated in and are based upon the same transaction. In the case last named the question was fully discussed, and the court held that Acheson was not bound to contribute.
But it further appears from the agreed statement, that on the second of April, 1838, an alias execution was issued upon the judgment against the aforesaid indorsers, which was levied upon land belonging to the defendant in error, which land was *125 subsequently sold, in May, 1838, for the sum of 1,198 dollars, which amount was applied on that judgment. It further appears that Acheson has paid no part of said judgment.
This sum of 1,198 dollars having been thus made by the sale of the land of one of these joint judgment debtors, it would be considered as a payment for their joint use, and each one of them would be bound to contribute his’ joint proportion. At least such would be the rule, unless it should appear that he who had made the payment had paid no more than his just proportion of the joint debt. Whether such fact would prevent him from calling for contribution it is not necessary now to determine. Admitting that the defendant in error had a right to compel contribution, he would compel no one of the joint debtors to pay any more than his proportionate share or part. In the case under consideration, there were five indorsers, who had become joint judgment debtors. From the ease of Acheson against Miller, it would seem that there were in fact six of these indorsers or judgment debtors, but five only are named in this case. The sum of 1,198 dollars, made by the sale of the land of the defendant, divided amongst the five, would fix the amount which each ought to pay at something less than two1 hundred and forty dollars. In no event, according to the facts agreed, could the defendant in error recover more of the plaintiff than this sum of two hundred and forty dollars, with interest up to the time of the rendition of the judgment now sought to be reversed. The judgment actually recovered was six hundred and forty-one dollars and twenty-eight cents. It must be remembered that there is no pretense that any one of these judgment debtors had become insolvent at the time of the rendition of this judgment.
On the part of the counsel for the defendant in error, it is insisted that the agreed statement of facts is not a part of the record, and cannot be noticed by the court, and as an authority to sustain this position we are referred to the case of The Bank of Virginia v. The Bank of Chillicothe, (16 Ohio R. 170.) In the case referred to, the court held that “an. *126 •agreed statement of facts forms no part of the record, unless ■made so by the bill of exceptions.” But in the case under consideration, as we understand it, the agreed statement is made part of the record by bill of exceptions. This statement is set forth at full length, and signed by counsel. Immediately thereafter is the following: “ To the sufficiency of said testimony the defendant, by his counsel, objects, and the court overrules his objections, and directed judgment to be entered for the plaintiff. To which ruling and decision of the court the defendant, by his counsel, excepts, and prays the court to sign the same, that it may become part of the record, and it is done accordingly, in open court, the 11th day of October, A. D. 1847.” Next follow the signatures and seals of the judges of the court.
Here is a bill of exceptions, showing the decision of the court .and the evidence upon which that decision is made. It may be informal, and not made up with that technical precision which is sometimes done, but in the opinion of the court it is sufficient.
The judgment of the court of common pleas is reversed with costs, and the cause remanded for further proceedings.